TRENOR W. PARK, Appellant, v. THOMAS B. MUS-GRAVE et al., Respondents.

*Injunction — referee to compute damages — extra allowance in action — denial of.*

After an order of the General Term, reversing an order continuing an injunction, plaintiff was allowed to discontinue the action upon payment of costs, and a motion of defendants for an extra allowance was denied. Subsequently an order was made directing a referee to compute the amount of defendants' damages. *Held*, that this was proper.
*Disbrow* v. *Garcia* (52 N. Y., 655) followed.

Appeal from an order made at the Special Term, directing a reference to ascertain the damage sustained by the defendants by reason of an injunction granted in this action.

*E. L. Fancher*, for the appellant.

*John Sherwood*, for the respondents.

Brady, J.:

The plaintiff obtained *ex parte* an injunction which, after argument upon the order to show cause granted, was continued, but which on appeal to the General Term was dissolved. The plaintiff then applied for leave to discontinue the action upon payment of costs, and the defendants moved for an extra allowance. Both motions were decided in favor of the plaintiff. The defendants

then applied for a reference to ascertain their damages occasioned by the injunction proceeding. The motion was granted and from the order therefor the plaintiff appeals. He seems to think, through his counsel, that the decision of the motion for an extra allowance is conclusive upon the present phase of the defendants' case until reversed, and this proposition is based upon the case of *Disbrow* v. *Garcia* (52 N. Y., 655). This view is erroneous.

The reference was granted in that case, but exceptions were taken to the report of the referee and sustained. He allowed counsel fees upon the motion to dissolve, also counsel fees upon the trial and upon appeal, and the taxable costs in the action, but these allowances were held to have been improperly made chiefly, because on a motion for that purpose, an extra allowance had been granted, which, by the order entered, it was declared was intended to cover all allowance of extra costs to be made *in any event* in the action to the defendants. The order was accepted and the allowance received without objection, and without appeal. It was, of course, conclusive upon the defendants. It was in full, in any event, of all allowances for extra costs. It was the character of the order that made it conclusive. The right to a reference was not questioned in that case and cannot well be in this. The exceptions, if any be taken to the referee's report herein, will determine the rights and obligations of the parties. The refusal of the court to grant an extra allowance does not affect the right of the defendants to such damages as the laws allow in such a proceeding as this. The right to recover counsel fees for services rendered on the motion to dissolve the injunction, and also on the reference, is established by the decision of the court of last resort. (*Rose* v. *Post*, 56 N. Y., 603.) And it has been correctly held that the costs accruing in the action, including the extra allowance awarded by way of indemnity for the expenses of the action, do not affect such special damages as were occasioned by the issuing of the injunction. It may well happen that the extra allowance is totally inadequate to the expenses incurred in efforts to dissolve the injunction, and unless the order granting it is restrictive or prohibitory of their recovery, they may be obtained by a reference if, in the judgment of the referee, they should be allowed.

The motion for an allowance may be upon affidavits; the reference

contemplates proofs to be given by which the referee's judgment is to be affected and guided. The order appealed from, as already suggested, however, is one directing a reference to ascertain the damages, and this we think the defendants were entitled to.

The order made at Special Term, should, therefore, be affirmed, with costs.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed.